and we'll hear from each appellant for five minutes. Now, Mr. Schwimmer. Yeah, hi. Good morning, Your Honor. Yes, good morning, Your Honor. Good morning. You may go ahead. Yes. Yeah, my name is Isser Schwimmer. Good morning. Can I proceed? Yes. Okay.  Good morning, Your Honor. My name is Isser Schwimmer, plaintiff appellant. I'm respectfully and respectfully requesting this honorable court to consider our claim. Had I been allowed to amend my pro se complaint as of rights, I would have added all John and Jane, those who act individually and officially under the clause of immunity as a joint activity of all named defendants acting under the color of the state law violated my constitutional rights to family association integrity of and due process rights. There cannot be a greater injury than imprisoning a child of good and fit parents and depriving the inalienable right to family unity. Immigrant children are being reunited at the borders. And yet I am a good father, American citizen who lost my beautiful child by defendant actors who act with fraud and deceive, abusing the power with city and state agency. We are intact, intact family, no divorce parents and having a child ripped away so brutally is so very painful and irreparable. Supreme Court judges order the return of my child not once, not twice, but three times. And the defendant play fast and loose using the court system with ex parte filing a false statement. The proof is in the pudding. One of them is like this. New York City ACS withdraw the entire neglect case the minute my most beautiful daughter turned 18 years. They tried to put for years to put order of protection. So the minute she got 18, they took over the case. No neglect case was founded on me. Second, they have the New York State terminated the accusation. It came back unfounded. This is those two. As stated in my brief, my rights to amend my complaint should please be considered at the district court decision should be reversed in order to terminate the defendant's violation of my constitutional right. I would like to say a minor thing that I just learned in the morning. I get up usually every day, 5, 530. Before I pray, I learned the Talmud and the Bible. It came today when I learned the Talmud. It said the Talmud said like this. God made a person. God forbid somebody lose a person. God is making the person to forget about this person. So the question asked by the Talmud, how you could forget about the person? You have a relative, a father, a mother, a child. How you could forget? So the answer was in the Talmud that not you forget about this person. It's when you lose a family, relative, father, mother, the pain is terrible. Like when you go to a funeral, you see what's going on, everybody cries. But God is helping you to relieve the pain. God is helping you to forget about the pain. He's not helping you to forget about this person. You're never going to forget from a child. You're never going to forget from a father. So God is the one who's helping you to forget about the pain. What I'm trying to bring out, my daughter is alive. She feels the pain like I feel the pain. She's alive, and I feel the pain every day I get up. And I cannot see my child. It's this pain for more than four years. And I'm just asking one thing to open this case, send it back to the courts, and I have enough proof to prove what they did for me to rip away my child from me. It's pain, and it's very hard to forget about that this is my child. She loves me. I love her. And they ripped it away. So I'm just asking from the bottom of my heart. Thank you, Mr. Schwimmer. Can I ask just a quick question, which is when you sought to amend before the district court, you were represented by counsel, but here on appeal you're not. If it goes back to the district court and you seek to amend your complaint, do you have counsel for that? I think so. I'm going to go ahead and proceed the way it is now. I'm going to go ahead and proceed, yes. All right, thank you very much, Mr. Schwimmer. We'll now hear from Ms. Schwimmer. Thank you, Ioana. Thank you. Honorable and esteemed justices, my name is Miriam Schwimmer. Can you hear me clearly? Yes. Yes, we can hear you. Please go ahead. Yes. I'm here to plead whether the district court erred in its decision in denying my right to amend the pleadings after I hired an attorney. My first amended complaint was filed as pro se and was simply to change the caption of the case to identify our name. Courts allow pro se prisoners to repeatedly amend complaints, and I did not get even one chance. The defendants are disingenuously trying to litigate whether the district court was correct in dismissing the complaint. However, that's precisely why I'm here. I drew up the complaint pro se after I had no recourse in state court when defendants clobbered every avenue for state relief. I was unfamiliar with the legal doctrines, and when I hired an attorney and he seeked to amend the pleadings, I was denied my rights to equal protection and due process. The district court's decision is contrary to the fundamental fairness embodied in the due process clause of the Fifth and Fourteenth Amendments. The judgment did not include any factual findings or statement as to why an amended complaint would be futile, nor did it spell out specifically any causes of action shown to dismiss the petition. There was sufficient evidence which a reasonable judge could have found showing the pleaders entitled to relief sought. There was no bad faith on my part, and was there any undue delay of the case or prejudice to defendants. In the Second Circuit, the U.S. Court of Appeals, the decision of King v. Simpson back at No. 98-6282, this court reversed and remanded the case because the district court did not sufficiently develop the record in order to make necessary determinations. A factual inquiry was necessary to determine at what capacity the defendant was acting, entitling them to any immunity. Had my attorney been granted leave to amend the pleading to name the city and state individual actors, naming the John and Jane Doe's would tie in all the defendants to the constitutional violations committed. This would eliminate defendants' claim as to sovereign, judicial, qualified, or quasi-immunity protections and would prove all named defendants acted individual under the color of law and outside the scope of any immunity protection. The irony of this case is intentional actions of all defendants conspiring to frustrate all progress towards constitutional relief in a state forum and then continuing in federal court by muddling the waters immediately with a motion to dismiss and misbehaving facts. Despite defendants muddling the waters, this case is not to re-litigate state court trials. It is strictly about violations of my constitutional rights to family association and family integrity and my First Amendment rights. And the unjustified interference of all defendants violated my rights to family association due process and equal protection rights to full and fair hearing and rights to seek relief in a state judicial forum under the First Amendment. The pleadings had enough facts to state a claim of relief that was plausible in its face. If granted right to amend, I would be able to precisely show the beginning, middle, and end of this travesty of justice. The beginning where Supreme Court Justice Thomas issued not one but several orders for the return of my precious beautiful child. The Supreme Court issued two writs of habeas corpus. Discovery would prove there are various agents in the OCA system that worked with Harvey Jacobs, one of the defendants, for judicial forum shopping spree. And we were ambushed in two courts, the Supreme Family Court at the same time with contradicting orders. And Harvey Jacobs did forum shopping to favor him. There were unfounded reports with the New York State Office of Family and Children's Services. And yet defendants withheld exaltatory information and with fraud and deceit made a false ex parte filing of family court. And defendant Harvey Jacobs had the audacity to hand up in the courtroom ex parte an adoption petition for my beautiful 14-year-old daughter when there was no probable cause, no exigent circumstances or showing of any unfitness or neglect. We are good and fit parents. The proof is in the pudding. The minute my daughter turned 18 years, New York City ACS withdrew the case with no findings of any abuse or neglect. Honorable judges, please listen to the heart of a mother. The grave injury and irreparable harm of the illegal seizure of my beautiful child that was forcibly separated by defendants' actions with fraud and deceit and conspiracy and the undue delay defendants created restricting access for my beautiful child ages out of this barbaric system without any measures of reunification is a deprivation of my rights to family integrity in violation of my 1st, 4th, 5th and 14th amendments of the United States Constitution. I'm a child of parents who were Holocaust survivors. The stories I listened of men who were ripping away children from the mother's arms into gas chambers in Auschwitz was incomprehensible to me as a kid. Honorable judges, I'm a good mother standing on American soil. And yet I was forcibly separated from my child. A parent-child relationship is a constitutional protective liberty interest for life, liberty and pursuit of happiness. By amending my clearing, it would show defendants' pattern and practice in perspiring to separate children from their beloved parents. Honorable judges, I'm respectfully requesting to be able to be given the opportunity to amend my clearing so justice can be served. Thank you. Thank you very much, Ms. Schwimmer. The appellees are standing on their papers and submitting their case on submission. And, therefore, the case is submitted. And that is the last case to be argued on our calendar for today. And, therefore, we are adjourned. I appreciate it. Adjourned.